## SELIGMAN et al. v. UNDERWRITERS' SALVAGE CO.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

SALES ☞279—WARRANTY—CONSTRUCTION.

Where the catalogue terms of a sale at auction of canned pork and beans contained a special notice that goods are "sold as are, but are guaranteed against leaks and swells," and that they must be examined at the expense of the buyer before leaving the seller's premises, as no allowances of any kind would be made after removal, the guaranty against leaks and swells did not survive removal, although leaks could not always be discovered by examination of the unopened cans.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 783–792; Dec. Dig. ☞279.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Seligman and another, composing the firm of Seligman Bros., against the Underwriters' Salvage Company. From a judgment for plaintiffs, defendant appeals. Judgment reversed, and judgment directed, dismissing complaint.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Richards & Affeld, of New York City (Frank Sowers and Dickinson W. Richards, both of New York City, of counsel), for appellant.

Maurice B. & Daniel W. Blumenthal, of New York City, for respondents.

PENDLETON, J.   This is an appeal by defendant from a judgment entered after a trial before the court without a jury.   The action is to recover damages for an alleged breach of warranty as to goods sold at auction as damaged articles.   The goods consisted of canned pork and beans, etc., contained in cases holding each a number of sealed cans.   The catalogued terms of sale, read at the time of the sale, stated the sale was of canned goods, and contained a special notice that:

"Goods are sold as are, but are guaranteed against leaks and swells.   Goods must be examined at the expense of the buyer before leaving our premises, as no allowances of any kind will be made after goods are removed."

Plaintiffs purchased the goods in question, and after the sale removed them from defendant's premises, and thereafter discovering, as they allege, that the cans had leaks and the goods were worthless, brought this action.

The court ruled that the warranty against leaks was an express warranty, which survived removal, and found as matter of fact a breach of the warranty, and gave judgment for plaintiffs for the full amount. The evidence was sufficient to sustain the finding of fact, and the only question is as to the ruling of the court that under the terms of the special notice the warranty as to leaks survived removal.   There was evidence to show that leaks cannot always be discovered by an ex-

amination of unopened cans, and the court's ruling was made in view of that fact.

It is the province of the parties, not the court, to make their contract, and where the language is explicit and without ambiguity it may not be construed away to meet some particular exigency. The catalogue sets forth the terms of the sale of goods generally, and then follows the special notice as to these particular goods. The provisions as to goods generally are explicit: That no guaranty of any kind is given; that goods are subject to examination before purchase, and are sold "as they are" at the time of the sale; and that no claim of any kind, except shortage in count, will be allowed, and all such claims— i. e., shortage in count—must be made before removal. The special notice as to these particular goods, which contains the warranty relied on, specifies that they are sold "as are," but are guaranteed against leaks and swells, and then adds that they must be examined before removal, as no allowance of any kind will be made thereafter.

The similarity in the language used is significant, and it seems very clear that by this special notice it was intended to guarantee against leaks and swells at the time of sale, just as in the general terms of sale as to a shortage in count, but no further; that is, that in the case of leaks and swells, as in a shortage in count, any claim for an allowance must be made before removal—in other words, the guaranty did not survive removal. While it may be true that leaks cannot always be discovered without opening the can, they evidently sometimes can be, and as matter of fact it was in evidence in this case that plaintiffs were given some allowance for such cause on claims made before the removal of the goods, and it is possible a more careful examination would have shown others. However this may be, it seems clear that the risk of leaks not discovered before removal rested on plaintiffs.

Judgment reversed, with $30 costs, and judgment directed dismissing the complaint, with costs. All concur.